UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN NORRIS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action 22-cv-10660-IT |
| | * |
| GLORIANN MORONEY, et al., | * |
| | * |
| Defendants. | * |
| | * |
| | * |

MEMORANDUM & ORDER

August 18, 2022

TALWANI, D.J.

*Pro se* Plaintiff Kevin Norris, a state prisoner confined at the Massachusetts Treatment Center, has filed a Complaint [Doc. No. 1] against individual members of the Massachusetts Parole Board ("Board"), its attorneys, and various parole officers. On August 15, 2022, Norris filed a Motion for Appointment of Counsel [Doc. No. 14], an Emergency Motion for Preliminary Injunction [Doc. No. 15], a Motion for an Evidentiary Hearing and Court Order [Doc. No. 18], and supporting papers. The court addresses these motions in reverse order.

    I.    Motion for an Evidentiary Hearing and Court Order [Doc. No. 18]

Norris seeks an evidentiary hearing and court order to resolve a dispute concerning service of the complaint and waiver of summons. As explained here, without disputing Norris's account of the events at issue, there has been neither proper service nor an effective waiver of summons.

According to Norris, his attorney, Matthew J. Koes,[1] informed Norris that Board Counsel Courtney Doherty agreed to accept service of Norris's complaint and would be waiving service by summons. See Motion for Evidentiary Hearing and Court Order 2 [Doc. No. 18]. Norris contends further that on May 26, 2022, he sent a letter to Attorney Doherty thanking her for agreement to accept service and waive service by summons and enclosed a copy of his complaint and a waiver form. Id.; id. at Ex. D [Doc. No. 18-4]. Norris states that he also sent a copy of the complaint to Assistant Attorney General Thomas Bocain. Motion for Evidentiary Hearing and Court Order 2 [Doc. No. 18]; id. at Ex. E [Doc. No. 18-5]. While Norris's Motion for Leave to Proceed in forma pauperis [Doc. No. 8] was pending, and before summonses had issued, Norris filed a Notice of Service [Doc. No. 9] providing substantially the same information and asserting that service had been made on Defendants and that Defendants had waived service. See Norris Affidavit [Doc. No. 9-1].

Norris states that Attorney Kos later told him that Attorney Doherty informed Attorney Kos that she never agreed to accept service and waive service by summons. Motion for Evidentiary Hearing and Court Order 3 [Doc. No. 18]. Norris seeks an evidentiary hearing to resolve this dispute.

On July 26, 2022, after screening the complaint and dismissing certain claims, the court granted Norris's renewed Motion for Leave to Proceed in Forma Pauperis [Doc. No. 8]. Order [Doc. No. 10]. Summonses were issued for each Defendant along with instructions for service by the United States Marshals Service. See Notice [Doc. No. 12]; Summons [Doc. No. 13]. The Order [Doc. No. 10] acknowledged that Plaintiff was not required to serve a summons and

---

[1] Attorney Koes is not representing Norris in the present action but according to the Affidavit of Attorney Matthew J. Koes [Doc. No. 16-6], dated July 6, 2022, Koes was assigned by the Committee for Public Counsel Services ("CPCS") to represent Norris in an appeal from the revocation of his parole. Koes Affidavit [Doc. No. 16-6].

complaint on any Defendant from whom he had obtained a waiver of service, but instructed Norris that he was still required to file a copy of the executed waiver of service of summons for any such Defendant. See Order [Doc. No. 10]. No such executed waiver form has been filed.

The Notice of Lawsuit and Request for Waiver of Service of Summons [Doc. No. 18-4] that Norris states he forwarded to Attorney Doherty sets forth the waiver procedure as follows:

> If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. . . .
>
> If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure . . . .

It is undisputed that neither Attorney Doherty nor any individual Defendant returned the signed waiver. Accordingly, the next step is not an evidentiary hearing to determine whether Attorney Doherty had made a verbal commitment (and if she had, whether she had the individual Defendants' consent to do so). Instead, if Norris seeks to proceed with this suit, he must provide the United States Marshals Service completed packets to allow for service on each individual Defendant. Accordingly, Norris's Motion for Evidentiary Hearing and Court Order [Doc. No. 18] is DENIED.

      II.      Emergency Motion for Preliminary Injunction [Doc. No. 15]

Norris seeks a preliminary injunction enjoining the revocation of his parole. He argues that a preliminary injunction is needed because he is set to begin an apprenticeship program in September 2022, and "further incarceration could lead to termination from the apprenticeship program and his union employment." Emergency Motion for Preliminary Injunction 2 [Doc. No. 15]. Norris's Certificate of Service [Doc. No. 17] states that he served a copy of this motion via first class mail on Assistant Attorney General Thomas Bocain. Norris identifies Attorney Bocain

as Defendants' counsel, but Attorney Bocain has not appeared on behalf of the Defendants in this action.

Federal Rule of Civil Procedure authorizes a court to issue a temporary restraining order without notice to the adverse party where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The safeguards required by Rule 65 must be "scrupulously honored." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2952 (3d ed.); see also Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39 (1974) ("[Rule 65's] stringent restrictions . . . reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute").

Here, Norris has not demonstrated immediate and irreparable injury before the Defendants can be heard in opposition. At the same time, while the court will require notice to the Defendants, formal service of process is not required before the court considers the request for preliminary injunctive relief. Norris may give the required notice by mailing copies of his motion for injunctive relief and supporting documents and this Memorandum and Order on the Defendants and filing a certificate of such service.

The clerk shall set the Motion for Preliminary Injunction [Doc. No. 15] for hearing in early September.

III.     Motion for Appointment of Counsel [Doc. No. 14],

A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Because a civil party lacks a constitutional right to free counsel, however, there is no mandate that a court request pro bono counsel. See DesRosiers v. Moran, 949 F.2d

15, 23 (1st Cir. 1991). In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights. Id. In assessing whether exceptional circumstances exist, the court examines the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

The court has granted Norris leave to proceed in forma pauperis. Order [Doc. No 10]. As in Wilborn v. Wall, No. CIV.A. 13-11783-GAO, 2013 WL 5671302, at *2 (D. Mass. Oct. 11, 2013), "because the defendants have not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel." As such, Norris's claims of exceptional circumstances do not warrant a request for pro bono counsel at this time. Norris may renew the motion once the Defendants have been served with and responded to the complaint. Accordingly, Norris's Motion to Appoint Counsel [Doc. No. 14] is DENIED without prejudice.

    IT IS SO ORDERED.

                                  /s/ Indira Talwani  
                                  United States District Judge

August 18, 2022