UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN NORRIS, | * |
| Plaintiff, | * |
| v. | *  Civil Action 22-cv-10660-IT |
| GLORIANN MORONEY, et al., | * |
| Defendants. | * |

MEMORANDUM & ORDER

September 8, 2022

TALWANI, D.J.

*Pro se* Plaintiff Kevin Norris, a state prisoner confined at the Massachusetts Treatment Center, has filed a Complaint [Doc. No. 1] against individual members of the Massachusetts Parole Board ("Board"), its attorneys, and various parole officers seeking damages and declaratory relief. On August 15, 2022, Norris filed an Emergency Motion for Preliminary Injunction [Doc. No. 15] requesting the court to enjoin the Parole Board from revoking his parole, release Norris onto home supervision, and/or order a new revocation hearing. For the following reasons, Norris's Emergency Motion for Preliminary Injunction [Doc. No. 15] is DENIED.

**I.    Statement of Law**

"[A] plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 (2008).

"The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Id. (quotation marks and citation omitted).

## II.     Discussion

In his Complaint [Doc. No. 1], Norris seeks punitive damages against Defendants,[1] along with declaratory relief.[2] Notably, Norris's Complaint [Doc. No. 1] does not seek a release from custody, focusing instead on civil rights and state law tort claims. However, his Emergency Motion for Preliminary Injunction [Doc. No. 15] seeks release from custody onto parole supervision.

"[A] habeas action, rather than a suit under 42 U.S.C. § 1983, is the proper vehicle for a state prisoner to challenge 'the fact or duration of his confinement.'" McLaughlin v. Gillen, 2011 WL 2746459, at *2 (D. Mass. July 8, 2011) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). That is, Norris's request for a preliminary injunction "contending that a state parole revocation was constitutionally invalid, challenges the fact or duration of [Norris's] confinement," for which habeas is the proper remedy. White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (internal quotations omitted); see Heck v. Humphrey, 512 U.S. 477, 487 (1994); see

---

[1] The court previously dismissed all claims for damages against Defendants Moroney, Hurley, and Dupre. See Order [Doc. No. 10].

[2] Specifically, Norris seeks that the court (1) order the Parole Board to respond to revocation appeals within 30 days; (2) enjoin the Parole Board from relying on Norris's alleged parole violations and the May 26, 2021 revocation; (3) order that the Parole Board establish complaint procedures for parolees regarding racial bias, excessive force, and arbitrary mistreatment; (4) mandate equal protection and impartial review for parolees of color; (5) require the Parole Board to install cameras in all regional offices and record arrests; (6) order the Parole Board to remove or expunge false information from Norris's file; (7) refer Defendants Russell, Devlin, and Lind to the Massachusetts Attorney General for investigation; (8) refer Defendants Russell and Devlin to the Massachusetts Attorney General for investigation; (9) and declare that Defendants Moroney, Murphey, Walsh violated professional bar rules. Compl. 69 [Doc. No. 1].

also Brown v. Rhode Island, 511 F. App'x 4, 6 (1st Cir. 2013) (explaining that where a plaintiff whose parole was revoked brings "an injunction ordering his immediate release… relief…could only be sought in a habeas action."). Here, where Norris requests to be released from custody, preliminary injunctive relief cannot be granted.

### III.     Conclusion

Accordingly, Norris's Emergency Motion for Preliminary Injunction [Doc. No. 15] is DENIED. Norris's Motion for Court Order [Doc. No. 30] and Request for Court to Consider Additional Documents [Doc. No. 31] are DENIED as moot.

IT IS SO ORDERED.

September 8, 2022

　　　　　　　　　　　　　　　　　　　　　　　/s/ Indira Talwani
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge