UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KEVIN NORRIS, *
*
Plaintiff, *
*
v. * Civil Action 22-cv-10660-IT
*
GLORIANN MORONEY, et al., *
*
Defendants. *
*
*

MEMORANDUM & ORDER

October 27, 2022

TALWANI, D.J.

Pro se Plaintiff Kevin Norris, a state prisoner confined at the Massachusetts Treatment Center, filed a Complaint [Doc. No. 1] against individual members of the Massachusetts Parole Board ("Board"), its attorneys, and various parole officers seeking damages and declaratory relief. Upon review of the Complaint [Doc. No. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the court dismissed certain claims and directed the issuance of summonses. Mem. & Order [Doc. No. 10]. Defendants filed a Motion for Extension of Time [Doc. No. 62] for their responsive pleadings, and Norris filed a Request for Notice of Default [Doc. No. 63], a Motion for Default [Doc. No. 65], an Opposition to Motion for Extension of Time [Doc. No. 66], a Motion for Relief from Judgment or Order [Doc. No. 67], and a Motion for Leave to Submit Amended Claims and Add Defendant [Doc. No. 68]. Defendants have filed an Opposition to Motion for Default Judgment [69].[1] The court addresses the motions in reverse order.

[1] Defendants' time to respond to the remaining motions has not yet run. See Local Rule 7.1(b)(2).

I. Norris's Motion for Leave to Amend [Doc. No. 68] and Motion for Relief from Judgment or Order [Doc. No. 67]

A party may amend its pleadings once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the consent of the other party or leave of the court. Id. Norris, proceeding pro se, moves to amend his complaint more than 21 days after service upon the Defendants.[2] Thus, Norris's motion is considered under the Rule 15(a) standard.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely granted "when justice so requires." Nevertheless, a motion for leave to amend may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Here, where Norris's time to amend once as of course under Rule 15(a) will restart as soon as the Defendants' file their responsive pleading, the court finds no undue delay, bad faith, or dilatory motive.

When leave to amend is sought under Rule 15(a) before discovery is complete and neither party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face….While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to

[2] The United States Marshals Service's Returns state that service was completed on September 6, 2022, for five defendants, and on September 22, 2022, for eight defendants. See US Marshal Process Receipt and Return [Docs. Nos. 48-60]. No proof of service has been filed for Defendant Dupre, though a notice of appearance was filed on her behalf on September 27, 2022.

raise a right to relief above the speculative level . . . ." (internal citations omitted)). Here, however, where Defendants have not yet responded to the complaint, any concerns that the amendment is futile can simply be raised in a motion to dismiss without causing any additional burden on the Defendants or the court.

Norris's proposed amendment to the complaint does relate, at least in part, to matters addressed in the court's Order [Doc. No. 10]. The court dismissed Norris's claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for failure to state sufficient facts. Id. In his proposed amended complaint, Norris seeks to reassert a CFAA count to include new facts to demonstrate an incurred loss of over $5000. Norris also seeks relief from the court's Order [Doc. No. 10], presumably in part to allow him to proceed with these amended pleadings. That amendment is consistent with the court's directive that his initial pleading failed to state sufficient facts and may be filed without any need for relief from the court's order.

Norris also seeks to amend his Ex Post Facto Clause, failure to protect, and supervisor liability counts seeking damages from the individual Parole Board employees to add additional facts and argument. See Pl's Supp. Pleadings and Am. Causes of Action [Doc. No. 68-1]. This proposed amendment appears to be in response to the court's order dismissing his claim for damages under § 1983 against the individual members of the Board, and Norris seeks relief from this portion of the court's Order [Doc. No. 10] as well. Motions for reconsideration are not vehicles for "rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Here, however, the court's Order [Doc. No. 10] was issued sua sponte, without Norris having an opportunity to address the issue. Where Norris is proceeding pro se and does not appear to be raising his claims in bad faith, the court will allow Norris to proceed with these amendments despite the court's prior Order [Doc. No. 10]. Again, any futility as to these amended pleadings may be challenged by Defendants in their responsive pleading.

Finally, Norris seeks to include a new count of negligence against the Massachusetts Parole Board itself as a new defendant. Pl's Supp. Pleadings and Am. Causes of Action [Doc. No. 68-1]. Where Norris has not complied with Local Rule 15.1(b), which requires the moving party to serve the motion for leave to amend upon the proposed party at least 14 days prior to filing the motion, Norris's request to add a new party is denied.

In sum, Norris's Motion for Leave to Amend [Doc. No. 68]is GRANTED except as to the addition of the Parole Board as a defendant. If Norris chooses to proceed, he shall file his amended complaint by November 9, 2022, which shall include in a single document the amended complaint with all claims, facts, and parties. Norris's Motion for Relief [Doc. No. 67] is DENIED as moot except to allow him to proceed as set forth above.

II. Norris's Request for Notice of Default [Doc. No. 63] and Motion for Default [Doc. No. 65]

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of a default judgment. The first step is a clerk's entry of a default under Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The second step provides for entry of a default judgment by the clerk if the plaintiff's claim is for a sum certain, or otherwise by the court, on an application for a default judgment. Fed. R. Civ. P. 55(b). Entry of a default judgment is a "drastic sanction [] that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (internal quotations and citations omitted).

Norris sought entry of a default and a default judgment (or alternatively, an order striking any future motions by Defendants), after Defendants filed a partially untimely motion for an

extension of time to respond. While Defendants should have filed the extension of time earlier, the court finds no ground for the drastic sanction of default where Defendants' counsel did file timely Notices of Appearance [Docs. Nos. 21, 35-47] for all Defendants. Moreover, where Norris now seeks to file an amended complaint, Norris can point to no prejudice from the delay. Given this record, the court finds that entry of default and a default judgment are not proper in this case. See KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 13 (1st Cir. 2003) ("Since default judgments implicate sharply conflicting policies ... the trial judge, who is usually the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, is entrusted with the task of balancing these competing considerations.") (internal quotations omitted). As such, Norris's Request for Notice of Default [Doc. No. 63] and Motion for Default [Doc. No. 65] are DENIED.

III. Defendants' Motion for Extension of Time [Doc. No. 62]

Defendants seek an extension of time to November 18, 2022, to file their motion to dismiss or other responsive pleading where Norris's complaint includes 26 counts and 14 individual defendants. Additional time is warranted based on the lengthy pleading and the court's granting of Norris's Motion for Leave to Amend [Doc. No. 68].

**IV. Conclusion**

Accordingly, Norris's Motion for Leave to Submit Amended Claims and Add Defendant [Doc. No. 68] is GRANTED as to an amended complaint and DENIED as to an additional Defendant. Norris may file the Amended Complaint no later than November 9, 2022. Norris's Request for Notice of Default [Doc. No. 63] and Motion for Default Judgement [Doc. No. 65] are DENIED. Norris's Motion for Relief from Judgment or Order [Doc. No. 67] is DENIED except as set forth above. Defendants' Motion for Extension [Doc. No. 62] is GRANTED in that Defendants' time to respond to Plaintiff's Complaint [Doc. No. 1] or timely filed Amended

Complaint is extended to November 18, 2022, or two weeks after the filing of an Amended Complaint, whichever is later.

IT IS SO ORDERED.

October 27, 2022

/s/ Indira Talwani
United States District Judge