UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN NORRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10660-IT |
| | * | |
| GLORIANN MORONEY, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 9, 2024

TALWANI, D.J.

Plaintiff Kevin Norris seeks a preliminary injunction and protective order preventing Defendants and other parole officers from retaliating against him, including by increasing the stringency of his parole conditions and/or issuing technical violations against him that could lead to reincarceration. Pl.'s Mot. for Preliminary Injunction 2 [Doc. No. 124]. Because Norris has not demonstrated that he will be irreparably harmed absent a preliminary injunction, his Motion is DENIED.

**I.  Background**

The facts as alleged by Norris are set forth in the court's Memorandum and Order [Doc. No. 115] granting in part and denying in part Defendants' Motion to Dismiss [Doc. No. 85]. As relevant here, the court found that Norris had sufficiently alleged a retaliation claim against Defendant Parole Officer Devlin. Mem. & Order 11–14 [Doc. No. 115].

## II. Standard of Review

A preliminary injunction is an "extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In evaluating whether a moving party has met the high bar for preliminary injunctive relief, the court considers four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 17–18 (1st Cir. 2006) (quoting Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)).

"To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012) (quoting Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010)). And "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Weinberger v. Romero-Barceló, 456 U.S. 305, 312 (1982)).[1]

## III. Discussion

Here, Norris has not shown that he is likely to suffer future retaliation by any of the Defendants. Norris' Amended Complaint [Doc. No. 73] described retaliatory actions that occurred several years ago, id. ¶¶ 13-23, but his motion for a preliminary injunction did not

---

[1] Norris also seeks a protective order under Federal Rule of Civil Procedure 26. Pl.'s Mot. for Preliminary Injunction 1 [Doc. No. 124]. Rule 26(c) allows a person "from whom discovery is sought" to seek a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in connection with such discovery. This rule is inapplicable here where Norris is not seeking to limit discovery.

provide any additional factual allegations as to more recent conduct by Devlin or any other parole officer, or any other allegations to demonstrate that the harm he experienced in the past is likely to repeat itself. As a result, Norris has not demonstrated that he is likely to be irreparably harmed absent a preliminary injunction. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (injunctive relief requires "real and immediate" threat of injury); accord Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996).

## IV.    Conclusion

For the foregoing reasons, Norris' Motion for a Protective Order and Preliminary Injunction [Doc. No. 124] is DENIED.

IT IS SO ORDERED

May 9, 2024                                         /s/     Indira Talwani
                                                    United States District Judge