UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN NORRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10660-IT |
| | * | |
| GLORIANN MORONEY, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 10, 2024

TALWANI, D.J.

Pending before the court is Plaintiff Kevin Norris's Motion for Reconsideration and Relief [Doc. No. 121]. Norris asks this court to reverse its decision, see Mem. & Order [Doc. No. 115], granting Defendants' motion to dismiss Counts 7, 16, 17, 18, 20, and 25 of his Amended Complaint. Pl.'s Mot. for Recon. 7 [Doc. No. 121]. He also seeks leave to amend and reassert dismissed Count 4 of the Amended Complaint. Id. Defendants oppose. [Doc. No. 128]. For the reasons set forth herein, Norris's Motion is DENIED.

I. **Background**

The background undergirding this litigation is set forth in this court's Memorandum and Order [Doc. No. 115]. Briefly, Norris sued several parole officers and the Massachusetts Parole Board, claiming that Defendants violated his procedural due process rights by fabricating evidence used at his April 2021 parole revocation hearing (Counts 7, 16, 17, and 20), violated his Fourth Amendment rights through an unconstitutional search and seizure of his phone (Count 18), and intentionally discriminated against him on the basis of race (Counts 4 and 25). The court granted Defendants' motion to dismiss each of these counts. As to Counts 4 and 25, the court

found that Norris had failed to state a claim under Rule 12(b)(6) for intentional discrimination. Mem. & Order 16, 33 [Doc. No. 115]. As to Counts 7, 16, 17, 18, and 20, the court found that it was barred from considering challenges to Norris's parole revocation hearing, including challenges to the evidence used at that hearing, where there had not yet been a "favorable termination" of that proceeding. Id. at 20–21, 25.

## II.     Standard of Review

Norris seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b). But motions for reconsideration are not vehicles for advancing arguments that could have been asserted earlier or for "rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Rather, the granting of such a motion is "an extraordinary remedy which should be used sparingly" and in limited circumstances. Id. (citation omitted). Reconsideration is warranted "where the movant shows a manifest error of law or newly discovered evidence," Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007), but the movant must demonstrate more than merely an error in reasoning, Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the [c]ourt overlooked and that might reasonably be expected to alter the conclusion reached by [the] court." Estate of Rivera v. Doctor Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

## III.    Discussion

### A.     *Count 4: Intentional Discrimination*

In its Order, the court dismissed Count 4, Norris's claim of racial discrimination against Defendant Devlin, because Norris failed to show that similarly situated parolees of a different

2

race were subject to more favorable treatment by Devlin. Mem. & Order 15–16 [Doc. No. 115]. Norris now seeks to amend that Count to add an allegation that Norris was "intentionally discriminated against by Defendant Devlin, based on his race." Pl.'s Mot. for Recon. 6 [Doc. No. 121]. But adding this conclusory allegation would not warrant setting aside or vacating the dismissal of Count 4 where Norris does not propose adding any non-conclusory facts in support of his claim. Accordingly, Norris's request to amend Count 4 is denied.

      B.     *Count 25: Intentional Discrimination*

Norris urges the court to reconsider its decision on Count 25 because Section 601 of Title VI of the Civil Rights Act of 1964 does not contain a requirement that the plaintiff plead "intentional discrimination" in order to successfully state a claim for relief. Pl.'s Mot. for Recon. 6 [Doc. No. 121].[1] Norris is correct that the statute does not contain an explicit reference to "intentional" discrimination. However, the Supreme Court has held that it is "beyond dispute . . . that § 601 prohibits only intentional discrimination." Alexander v. Sandoval, 532 U.S. 275, 280 (2001). Norris's request for reconsideration of Count 25 is therefore denied.

      C.     *Counts 7, 16, 17, and 20: Due Process Violations*

Norris requests that this court reverse its decision dismissing his claims that his April 2021 parole revocation hearing did not comport with due process. Norris primarily argues that because there is no pending action addressing the merits of his claims and where some of his parole violations were dismissed, Heck v. Humphrey, 512 U.S. 477 (1994) does not bar the court

---

[1] Norris also asserts that the court applied the wrong law, because he "brought suit under 42 USC 2000D, not section 601 of Title VI of the Civil Rights Act of 1964." Id. Section 601 of Title VI of the Civil Rights Act of 1964, enacted on July 2, 1964, as Public Law 88-352, is codified in the United States Code as 42 U.S.C. § 2000D. In other words, the court and Norris are referring to the same statutory provision.

from considering the merits of his Section 1983 claims. In making this argument, Norris relies on an affidavit from his state court lawyer, Matthew Koes, that was not previously before the court. See Pl.'s Mot. for Recon. 2 (citing Exhibit A) [Doc. No. 121]. Where Norris is proceeding *pro se*, the court will consider whether the newly presented evidence in Koes's Affidavit warrants an amendment of the pleadings.

Koes provides further information on Norris's parole revocation administrative appeal and state court certiorari proceeding. See Pl.'s Mot. for Recon., Ex. A, (Aff. of Attorney Matthew J. Koes) [Doc. No. 121-1]. Koes avers that the Parole Board "agreed to provide Mr. Norris with a new revocation hearing that comports with the requirements of Due Process." Id. ¶ 8. Koes also avers that the case in state court no longer involves Norris's allegations that the parole board fabricated evidence and violated due process during his April 2021 parole revocation hearing. Id. ¶ 13. Instead, Koes reports that Norris's only remaining count in state court asserts that the parole conditions imposing remote monitoring and restrictions on his internet usage are unconstitutional. Id. ¶¶ 11–12. That issue has now been decided adversely to Norris by the Superior Court and is on appeal. See Norris v. Mass. Parole Bd., No. 2185-cv-01200C, 2024 WL 731173, at *3–4 (Worcester Sup. Ct. Feb. 12, 2024) (denying Norris's request for a declaratory judgment that the board's imposition of internet restrictions and internet monitoring was unconstitutional as applied to him), appeal filed Apr. 17, 2024 (No. 2024-P-0424). Whether monitoring and/or restricting Norris's internet and cell phone usage violates the Constitution will impact whether Norris is ultimately successful on his claims regarding the use of his internet and cell phone browsing history as evidence to revoke his parole. Therefore, the court finds that unless and until a state court resolves that constitutional issue in Norris's favor, there has not been a "favorable termination" of Norris's parole proceedings pursuant to Heck v.

4

Humphrey. See 512 U.S. at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned . . . ."); see also Cabot v. Lewis, 241 F. Supp. 3d 239, 254 (D. Mass. 2017) ("The [Heck] rule bars . . . those claims that would undermine the validity of [plaintiff's] pretrial probation.").

      D.      *Count 18: Fourth Amendment Violation*

Norris asserts that the court failed to consider his argument that the Parole Board's search and seizure of his private messages with his doctor and lawyer violated his constitutional right to privacy, separate and apart from any violation of his due process rights in the subsequent parole revocation hearing. Pl.'s Mot. for Recon. 4 [Doc. No. 121]. Defendants maintain that Norris's Fourth Amendment claim is part and parcel of his challenge to his parole revocation proceedings. Defs.' Oppo. 5 [Doc. No. 128].

"Whether a search is reasonable 'is determined by assessing, on the one hand, the degree to which it intrudes on an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" Samson v. California, 547 U.S. 843, 848 (2006) (citation omitted). With respect to an individual's privacy interests, parolees "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" Griffin v. Wisconsin, 483 U.S. 868, 874 (1987) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)) (alterations in original). Nevertheless, "the fact of diminished privacy interests does not mean that the Fourth Amendment falls out of the picture entirely." Carpenter v. United States, 585 U.S. 296, 314 (2018) (internal quotation marks and citation omitted); see id. at 316 (holding that "the

5

Government must generally obtain a warrant supported by probable cause before acquiring [cell phone] records").

Here, Norris's Count 18 alleges that his phone was searched "without a warrant, authorization and/or reasonable suspicion." Am. Compl. ¶ 248 [Doc. No. 73]. But Norris's own evidence contradicts this allegation. In his Opposition, Norris provided the Affidavit submitted by Parole Officer Russell to the Worcester Superior Court requesting a warrant to search his phone and the warrant itself. See Pl.'s Oppo. Mot. to Dismiss, Ex. 1 at 10, 12–16 [Doc. No. 92-1]. Norris's Parole Violation Report also states that pursuant to Massachusetts Parole Board SEX A Conditions, Norris was required to allow his phone to be searched.[2] Id. at 5. Accordingly, where Norris's phone was searched pursuant to a valid warrant, and where his parole conditions notified him of the possibility of such a search, he has not sufficiently alleged that the search constituted a Fourth Amendment violation.

## IV.   Conclusion

For the foregoing reasons, Norris's Motion for Reconsideration and Relief [Doc. No. 121] is DENIED.

IT IS SO ORDERED

May 10, 2024                              /s/    Indira Talwani
                                          United States District Judge

---

[2] Neither Norris nor Defendants provided the actual Conditions themselves.