UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN NORRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10660-IT |
| | * | |
| KEVIN DEVLIN,[1] et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

August 20, 2025

TALWANI, D.J.

Plaintiff Kevin Norris, proceeding pro se, seeks declaratory and injunctive relief, damages, and fees against parole officers Kevin Devlin, Frederick Russell, Sean O'Dell, and Beth Lind for claims related to his parole revocation. Am. Compl. [Doc. No. 73]. Pending before the court is Plaintiff's Motion for Leave to File a Second Amended Complaint ("Mot. for Leave to File a Second Am. Compl.") [Doc. No. 202]. Plaintiff seeks leave to amend his complaint based on three grounds: the discovery of information that relates back to the Amended Complaint [Doc. No. 73], his pro se status, and the interests of justice. Mot. for Leave to File a Second Am. Compl. 1 [Doc. No. 202]. Defendants oppose amendment on the grounds of undue delay, unfair prejudice, and futility. See Defs.' Opp'n [Doc. No. 215].

---

[1] The court previously dismissed claims against former Massachusetts Parole Board Chairperson Gloriann Moroney. See Mem. & Order 28–32 [Doc. No. 115]. The parties and the court nonetheless continued using her name in the caption, but that use has apparently caused confusion where Defendants are now arguing that Plaintiff's pending Motion for Leave to File a Second Amended Complaint [Doc. No. 202] should be denied as futile in part because Moroney's name is still in the caption. See Defs.' Opp'n 1, 9 [Doc. No. 215]. The court has substituted the next Defendant, Kevin Devlin, in the caption to avoid that confusion.

For the reasons discussed below, the Motion is DENIED.

## I. Background

### A. *Procedural History*

Plaintiff initiated this action in May 2022, Compl. [Doc. No. 1] and filed the operative Amended Complaint [Doc. No. 73] in November 2022. In August 2023, the court granted in part and denied in part the Defendants' motion to dismiss, see Mem. & Order 1–7 [Doc. No. 115], and in September 2023, Defendants filed their Answer [Doc. No. 119]. At the scheduling conference that followed, the court set an October 16, 2023 deadline for motions to amend to add parties or claims, absent good cause. See Elec. Clerk's Notes [Doc. No. 122]; Scheduling Order [Doc. No. 151].

The parties sought, both jointly and singly, several extensions of portions of the scheduling order. See Joint Mot. to Extend Deadline for Non-Expert Depositions [Doc. No. 152], filed May 7, 2024; Defs.' Motion to Extend Deadline for Non-Expert Depositions [Doc. No. 175], filed August 9, 2024; Pl.'s Motion to Extend Deadline for Non-Expert Depositions [195], filed November 27, 2024. None of these motions sought to extend the deadline for filing motions to amend absent good cause, and the proposed Scheduling Orders submitted with the first two motions reiterated the October 16, 2023 deadline for such motions. See [Proposed] Scheduling Order [Doc. No. 152-1]; [Proposed] Scheduling Order [175-1]. The court granted the parties' requests. See Scheduling Order [153]; Elec. Order [Doc. No. 185] (staying the deadline for completing depositions and "[a]ll subsequent deadlines"); see Elec. Clerk's Notes for December 2, 2024, Status Conference [Doc. No. 196]. At a December 9, 2024 conference, Plaintiff stated that he may move to further amend the complaint; the court indicated that the filing date for such a motion absent good cause had passed, and that any such motion should be filed as soon as possible. Elec. Clerk's Notes [Doc. No. 198].

2

Plaintiff filed the pending Motion for Leave to File a Second Amended Complaint [Doc. No. 202] on January 8, 2025.

B.  *Plaintiff's Factual Allegations and Claims for Relief as Currently Pled*

The facts alleged in the operative Amended Complaint [Doc. No. 73] are summarized in this court's Memorandum and Order 1–7 [Doc. No. 115]. The court allowed Plaintiff to proceed on the following causes of action: Count One against Devlin, alleging First Amendment retaliation in violation of 42 U.S.C. § 1983 for Norris's filing of an earlier lawsuit and grievances against Devlin; Count Nine, alleging under 42 U.S.C. § 1983 that Russell and O'Dell used excessive and unnecessary force against him during an April 14, 2021 arrest in violation of Plaintiff's Fourth and Fourteenth Amendment rights; Count Ten, charging Russell and O'Dell with assault and battery in connection with that arrest; Count Twelve, alleging under 42 U.S.C. § 1983 that Lind failed to intervene to stop the other officers from using unreasonable force during the arrest in violation of Plaintiff's due process rights; Count Thirteen, alleging that Russell and O'Dell used unreasonable force during that arrest in violation of the Massachusetts Civil Rights Act, G.L. ch. 12, § 11I; Count Fifteen, alleging intentional infliction of emotional distress against Lind, Russell, and O'Dell for failing to intervene and using unreasonable force during the arrest; and Count Twenty-One, alleging that Russell, Lind and Devlin intentionally inflicted emotional distress through their harassment, mistreatment, evidence fabrication, and arbitrary parole decisions. See Mem. & Order 11–14, 17–18, 23–24, 27–28 [Doc. No. 115]; Am. Compl. [Doc. No. 73].[2]

---

[2] The court dismissed other claims and other Defendants. See Mem. & Order 28–33 [Doc. No. 115].

3

C. *Plaintiff's Proposed New Factual Allegations*

Plaintiff's [Proposed] Second Amended Complaint [Doc. No. 202-1] includes factual allegations that Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 202] represents as new:

On July 21, 2020,[3] Devlin sent text messages to Lind, multiple parole officers, and a victim service advocate coordinator, advising them that Plaintiff was granted parole. Prop. 2d Am. Compl. ¶ 21 [Doc. No. 202-1]. Devlin thereafter began a scheme to rescind Plaintiff's parole, including by: (1) using his connections within the Massachusetts Department of Corrections to open an investigation into Plaintiff and to listen in on Plaintiff's telephone conversations between Plaintiff and his wife; (2) contacting Plaintiff's former therapist and attempting to persuade him to write a letter against Plaintiff's release; (3) instructing a victim service advocate to call Plaintiff's wife and attempt to persuade her to not allow Plaintiff to move back into her home, even though Plaintiff's wife had written numerous letters to MPB members requesting her husband's release and agreeing to allow him to reside at her home; (4) denying, with Defendant Russell, Plaintiff's home plan, "e.g. his release back into the Home Sponsorship with his wife without justification." Id. ¶¶ 22–23.[4]

---

[3] Plaintiff alleges that this occurred on July 21, 2021, but states that it was the day after July 20, 2020. Reading the allegation in the context of the Proposed Amended Complaint and alongside the operative Amended Complaint, the court understands this event to have occurred in 2020, not 2021. See Am. Compl. ¶¶ 16–17 [Doc. No. 73] (alleging that Plaintiff was "granted parole again" in July of 2020 and that, shortly thereafter, Devlin petitioned the parole board to rescind Plaintiff's parole). The court understands subsequent events concerning the submission of a parole violation report based on Plaintiff's alleged internet browsing history to have taken place later in 2020 and in 2021. See Prop. 2d Am. Compl. ¶ 62 [Doc. No. 202-1] (Plaintiff allowed to obtain smartphone in March 2021 on condition that he install Remotecom).

[4] Although the proposed second amended complaint makes these allegations with greater specificity than the operative Amended Complaint [Doc. No. 73], that Amended Complaint included many similar allegations, including that Devlin "used his standing with the parole board

4

On August 14, 2020, Devlin submitted a petition to rescind Plaintiff's parole, but the Chief of Transitional Services informed Devlin and his supervisors that she would not submit the petition, stating that she had "reviewed this document, this . . . does not meet the grounds for a rescission as this is not new information or significant adverse information not known to the Board at the Subjects hearing." Id. ¶ 25.[5]

Devlin subsequently petitioned the Parole Board to require Plaintiff to wear a GPS device and, in his request, intentionally misled the Parole Board and fabricated the language of the Parole Board's Special Condition policy to suggest that wearing of a GPS monitoring device was mandatory when that was not the case. Id. ¶¶ 30–31.[6]

Plaintiff obtained access to raw data from Remotecom in 2024. Id. ¶ 110. Plaintiff alleges this data revealed that Russell, Lind, and Devlin submitted knowingly false and fabricated information to the Parole Board. Id. ¶ 111. Plaintiff further alleges that the he data also revealed that Remotecom never informed these Defendants that Plaintiff was deleting text messages or using a third-party application, never claimed that Plaintiff was viewing sexually suggestive Youtube music videos all day and night, never provided an alert or flagged any of Plaintiff's

---

to increase Plaintiff's parole conditions" and "attempted to persuade [Plaintiff's] wife to leave him and to refuse his release to the community." Am. Compl. ¶ 150 [Doc. No. 73]. The Amended Complaint also alleged that Defendants gained through "coercion, trickery and/or deception . . . access to his private communications with his wife, therapists, attorney's and Court/legal research." Id. ¶ 180.

[5] Although Plaintiff characterizes this allegation as new, the Amended Complaint alleged that Devlin filed a petition at this time to rescind Norris's parole but that the Parole Board denied the petition. Am. Compl. ¶ 17 [Doc. No. 73].

[6] Although Plaintiff characterizes this allegation as new, the Amended Complaint alleged that Devlin filed a petition to add further conditions of parole without providing any new information that would warrant a modification and informed the Board that the Sex Offender Condition Policy required mandatory GPS monitoring and participation in the polygraph examination. Am. Compl. ¶ 18 [Doc. No. 73].

internet activity as inappropriate misconduct and never provided Defendants with a document labeled "Google searches and Youtube searches." Id.

Remotecom also informed Plaintiff via his requests for admission and written interrogatories that Remotecom did not provide documents with handwritten notations labeled Youtube and Google Searches. Id. ¶ 112.

Plaintiff obtained access to Devlin's emails and text messages. Id. ¶ 113.[7] These messages show that Devlin emailed the former Chief of Field Supervision, Kevin Keefe, stating that "Kevin Norris is really the gift that keeps giving[,]" forwarded a text message to a retired parole officer informing him that Devlin had sent Norris back and calling Norris a derogatory name, and emailed Deputy Chief of Field Supervision Angelo Gomez stating that he was denying Plaintiff's home plan for various reasons. Id. Devlin's superiors advised him not to put his name on anything relating to Norris, and Devlin communicated that he would use Defendant Lind and other parole officers to perform certain acts against Plaintiff. Id.

D.  *Plaintiff's Proposed Amended and Additional Causes of Action*

Plaintiff seeks to assert Thirteen Counts in his [Proposed] Second Amended Complaint [Doc. No. 202-1]:

Count One, against Devlin, alleges First Amendment retaliation in violation of 42 U.S.C. § 1983. Proposed 2d Am. Compl. ¶¶ 118–123 [Doc. No. 202-1]. This claim is substantially similar to Count One in the Amended Complaint [Doc. No. 73].

Count Two, against Devlin, alleges introduction and presentation of false evidence and testimony in violation of § 1983. Proposed 2d Am. Compl. ¶¶ 124–127 [Doc. No. 202-1].

---

[7] Plaintiff states that he obtained access to these emails in August or September 2024. See Pl.'s Reply ¶ 2 [Doc. No. 230].

6

Count Three, against Devlin, alleges false imprisonment in violation of § 1983. Id. ¶¶ 128–135.

Count Four, against Devlin, alleges intentional infliction of emotional distress ("IIED") based on Devlin's personal investigation into Plaintiff's worthiness for parole and repeated attempts to rescind his parole and deny his home plan. Id. ¶¶ 136–139. This claim is substantially similar to Count Twenty-One in the Amended Complaint [Doc. No. 73].

Count Five, against Devlin, alleges unlawful GPS monitoring in violation of § 1983. Proposed 2d Am. Compl. ¶¶ 140–144 [Doc. No. 202-1].

Count Six, against Russell and O'Dell, alleges the use of excessive force in violation of § 1983. Id. ¶¶ 145–154. This claim is substantially similar to Count Nine in the Amended Complaint [Doc. No. 73].

Count Seven, against Russell and O'Dell, alleges assault and battery. Proposed 2d Am. Compl. ¶¶ 155–158 [Doc. No. 202-1]. This claim is substantially similar to Count Ten in the Amended Complaint [Doc. No. 73].

Count Eight, against Lind, alleges failure to intervene in violation of § 1983. Proposed 2d Am. Compl. ¶¶ 159–165 [Doc. No. 202-1]. This claim is substantially similar to Count Twelve in the Amended Complaint [Doc. No. 73].

Count Nine, against Russell, Lind, and O'Dell, alleges IIED based on Russell and O'Dell's assault and arrest of Plaintiff and Lind's failure to intervene. Proposed 2d Am. Compl. ¶¶ 166–170 [Doc. No. 202-1]. This claim is substantially similar to Count Fifteen in the Amended Complaint [Doc. No. 73].

Count Ten, against Devlin and Lind, alleges a conspiracy in violation of 18 U.S.C. § 241 and 42 U.S.C. § 1985. Proposed 2d Am. Compl. ¶¶ 182–185 [Doc. No. 202-1].

Count Eleven, against Devlin, Russell, and Lind, alleges IIED, based on Defendants' punishing of Plaintiff, imposition of arbitrary parole conditions, harassment, and other conduct. Id. ¶¶ 186–192. This claim is substantially similar to Count Twenty-One in the Amended Complaint [Doc. No. 73].

Count Twelve, against Devlin and Lind, alleges defamation. Proposed 2d Am. Compl. ¶¶ 193–202 [Doc. No. 202-1].

Finally, Count Thirteen seeks punitive damages. Id. ¶¶ 203–205. Plaintiff's Amended Complaint [Doc. No. 73] also included a request for punitive damages (though the request is not listed as a stand-alone count).

## II. Standard of Review

A party may amend its pleadings once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the consent of the other party or leave of the court. Id.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely granted "when justice so requires." Nevertheless, a motion for leave to amend may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Where "a considerable period of time has passed between the filing of the [claim] and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19–20 (1st Cir. 1979)). Often, this burden is met where the movant can show "new allegations coming to light following discovery" or "previously unearthed evidence surfacing." See Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011).

When the court has issued a scheduling order with a deadline for filing motions for leave to amend absent "good cause shown," see Fed. R. Civ. P. 16(b), "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." Flores-Silva v. McClintock-Hernandez, 710 F.3d 1, 3 (1st Cir. 2013) (quoting Trans–Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)).

As to futility, when leave to amend is sought before discovery is complete, and neither party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "an adequate complaint must include not only a plausible claim but also a plausible defendant." See Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

In general, a complaint filed *pro se* is "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). That does not mean that *pro se* plaintiffs

9

need not plead facts sufficient to state a claim, but it does afford them some leniency when facing a motion to dismiss. See Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## III. Discussion

As a preliminary matter, no amendment is needed for Plaintiff to make use of evidence obtained through discovery to support the claims in the operative Amended Complaint [Doc. No. 73]. The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (quoting Fed. R. Civ. P. 8(a)(2)); Twombly, 550 U.S. at 555. Once a plaintiff alleges facts sufficient to support a cause of action, additional facts obtained through discovery or otherwise to support those same claims do not require an amended pleading.

Accordingly, the court focuses on whether leave to amend should be granted to allow Plaintiff to assert new causes of action that were not in the Amended Complaint [Doc. No. 73]. Plaintiff's [Proposed] Second Amended Complaint [Doc. No. 202-1] alleges 13 counts, described above. See supra Part I.D. Of these, only Counts Two, Three, Five, Ten, and Twelve are new.

### A. *Futility*

Defendants argue that each of the new counts is futile.

#### 1. Counts Two, Three, and Five

First, Defendants contend that Plaintiff's proposed Counts Two, Three, and Five are futile because they "are based on confinement of the plaintiff after revocation of his parole and conditions of his release on parole," meaning Plaintiff "must first demonstrate a favorable termination of his parole proceeding[.]" Defs.' Opp'n 5 [Doc. No. 215]. That is true as to Count Three, which alleges Devlin was the proximate cause of Plaintiff's extended detention beyond

10

release date, resulting in false imprisonment in violation of 42 U.S.C. § 1983. See Prop. 2d Am. Compl. ¶¶ 128–35 [Doc. No. 202-1]. As this court stated in its prior Memorandum and Order [Doc. No. 115], "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The favorable termination requirement applies to parole hearings, because "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [a plaintiff's] parole and ordering him back to prison." White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997).

The crux of Plaintiff's proposed Count Three is that Devlin's wrongdoing resulted in Plaintiff's parole revocation and in Plaintiff being held beyond his July 2020 release date. See Prop. 2d Am. Compl. ¶ 129 [Doc. No. 202-1]. If Plaintiff were to prevail, that would "necessarily imply the invalidity of" Norris's parole revocation and call into question "the fact or duration of [Plaintiff's] confinement." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Accordingly, Count Three cannot be brought under Section 1983 unless the state court proceeding is resolved in his favor.[8]

However, it is less clear that the favorable termination rule bars Plaintiff's Counts Two and Five. Count Two alleges that Plaintiff was deprived of the right to be free from false

---

[8] "[T]he law in the First Circuit is settled: the rule of Heck applies even if the plaintiff is not in custody and therefore cannot obtain habeas relief." Cabot v. Lewis, 241 F. Supp. 3d 239, 249 (D. Mass. 2017).

11

statements and fabrication by government officials, and therefore, of due process, on the grounds that Devlin knowingly presented false evidence and testimony, including a statement that it is "mandatory for sex offenders to wear a GPS device[,]" to the MPB to ensure Plaintiff would be monitored beyond ninety days by a GPS device. See Prop. 2d Am. Compl. ¶¶ 125–27 [Doc. No. 202-1]. Count Five similarly alleges that Plaintiff was subjected to "grave intrusion and unlawful search and seizure of his body integrity" when the MPB increased his parole conditions to include GPS monitoring and reiterates Plaintiff's allegation that Devlin introduced false evidence leading to the imposition of GPS monitoring. Id. ¶¶ 140–44. Counts Two and Five thus challenge the conditions of Plaintiff's parole rather than parole revocation. Defendants have not made an adequate showing that Heck applies to such claims. Regardless, as discussed below, amendment to include Counts Two and Five would be unduly delayed.[9]

    2.    Count Ten

Defendants further argue that amendment to include proposed Count Ten, for conspiracy, would be futile. Defs.' Opp'n 8 [Doc. No. 215]. Proposed Count Ten alleges a conspiracy between Devlin and Lind in violation of 18 U.S.C. § 241 and 42 U.S.C. § 1985 to deprive Plaintiff of Constitutional rights. See Prop. 2d Am. Compl. ¶ 183 [Doc. No. 202-1].

"Because 18 U.S.C. § 241 is a criminal statute, [Plaintiff] lacks standing as a private citizen" to bring a complaint under this section. Lipscomb v. Rhode Island, 2025 WL 3484586, at *8 (D.R.I. Feb. 4, 2025).

---

[9] Defendants argue further that Count Two is barred by absolute immunity where Devlin was a witness before the Parole Commission. See Defs.' Opp'n 7 [Doc. No. 215]. The court need not decide whether absolute immunity applies in this circumstance where amendment is unduly delayed as discussed below.

As for 42 U.S.C. § 1985, "[t]o state a claim under [this section] a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "In Griffin, the Supreme Court placed a gloss on these four elements, effectively adding a fifth requirement. It construed the statute's references to 'equal protection' and 'equal privileges and immunities under the laws' to signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Id. at 3 (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiff's allegations of racial animus are conclusory and do not show a conspiratorial purpose based on race. See Prop. 2d Am. Compl. ¶ 115 [Doc. No. 202-1] ("Defendant's Devlin, Russell and Lind, have intentionally submitted false and fabricated information and documents . . . due to [Plaintiff's] race of Afro-american"). Therefore, Plaintiff has failed to allege a conspiracy in violation of 42 U.S.C. § 1985(3).

### 3. Count Twelve

Defendants also argue that amendment to include proposed Count Twelve, for defamation, would be futile. See Defs.' Opp'n 8–9 [Doc. No. 215].

Count Twelve alleges that Defendants Devlin and Lind defamed Plaintiff by accusing him of criminal behavior he did not commit. See Prop. 2d Am. Compl. ¶ 194 [Doc. No. 202-1]. More specifically, Plaintiff alleges that Devlin and Lind contacted the Massachusetts Department of Corrections and filed a complaint alleging improprieties on Plaintiff's part and submitted a false story inside the Spirit System of the MPB further alleging wrongdoing. See id. ¶¶ 195–97.

13

Plaintiff further alleges that Defendants contacted police officials stating that Plaintiff had committed an assault on certain parole officers and published this false information to the public. Id. ¶¶ 198–200.

To state a claim for defamation under Massachusetts law, a plaintiff must establish that "(1) the defendant published a false statement regarding the plaintiff—that is, the defendant communicated the statement concerning the plaintiff to a third party; (2) the statement could damage the plaintiff's reputation in the community; and (3) the statement caused economic loss or is otherwise actionable without proof of economic loss." Flagg v. AliMed, Inc., 466 Mass. 23, 37 (2013); see also Brauer v. Globe Newspaper Co., 351 Mass. 53, 55–56 (1966) (quoting Muchnick v. Post Pub. Co., 332 Mass. 304, 306 (1955)) ("A publication is defamatory when it tends to injure one's reputation in the community and to expose him to hatred, ridicule, and contempt").

Defendants maintain that Plaintiff failed to demonstrate that any alleged statements could have damaged Plaintiff's reputation in the community, as the statements were made to the Massachusetts Department of Corrections and unspecified "police officials" rather than to the public. Defs.' Opp'n 8–9 [Doc. No. 215]. But defamation requires only communication to some third party, and Defendant's argument otherwise misinterprets the "relevant standard for determining whether a statement is defamatory[,]" as a plaintiff bringing a defamation claim "need not identify any specific individual who has formed a negative opinion because of [a defendant's] statements," but only that "the statement '*could* damage the plaintiff's reputation in the community.'" Kaiser v. Kirchick, 662 F. Supp. 3d 76, 101 (D. Mass. 2023).[10]

---

[10] Defendants raise no argument that the allegedly defamatory statements were privileged. See generally Jones v. Tabbi, 400 Mass. 786, 802, 512 N.E.2d 260 (1987) (holding "[t]he burden is

Therefore, Defendants have failed to show that amendment to include a defamation count would be futile. Again, however, as discussed below, amendment to include Count Twelve would be unduly delayed.

B. *Undue Delay*

Defendants also argue that the motion was unduly delayed. See Defs.' Opp'n 2–3 [Doc. No. 215].

The court considers undue delay as to the remaining new counts: Counts Two, Five, and Twelve.[11] The newly discovered evidence Plaintiff points to in support of his motion for leave to amend includes emails to and from Devlin that Plaintiff obtained in August and September 2024, raw data Plaintiff received from Remotecom in 2024, and discovery responses from Remotecom Plaintiff received in December 2024. See Pl.'s Reply ¶¶ 2, 5 [Doc. No. 230].

Plaintiff has failed to show that he needed to discover such evidence before he could bring proposed Counts Two, Five, and Twelve. Although Plaintiff argues that "Counts 2 . . . and 5 . . . were formed and drafted based on what was discovered from Defendant Devlin's Emails[,]" Plaintiff may well have been aware of such evidence or testimony at the time of his parole proceedings and, in any event, was aware by September 2024, four months before the motion was filed. Therefore, amendment to include such counts is not warranted.

Similarly, Plaintiff makes no showing that his proposed Count Twelve, for defamation, bears any relationship to any newly discovered evidence, nor does he argue as much. Therefore, amendment to include Count Twelve would be unduly delayed.

---

on the defendant[] to prove, when the issue is properly raised, the existence of a privilege to publish a defamatory communication").

[11] The court need not address delay as to Plaintiff's other proposed counts as amendment to include such counts is unnecessary or futile for reasons explained above.

## IV. Conclusion

For the foregoing reasons, Plaintiff's <u>Motion for Leave to File a Second Amended Complaint</u> [Doc. No. 202] is DENIED.

IT IS SO ORDERED.

August 20, 2025                             <u>/s/ Indira Talwani</u>
                                             United States District Judge